IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ISAIAH LEE HOLT,

    Defendant.

No. 3:18-cr-00297-MO

OPINION AND ORDER

MOSMAN, J.,

    This case comes before me on Defendant Isaiah Lee Holt's Motion to Reduce Sentence [ECF 105]. Specifically, Mr. Holt moves the court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. to Reduce Sentence [ECF 105] at 1. Mr. Holt is serving a 37-month sentence for conspiracy to distribute and possess with the intent to distribute marijuana and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 18 USC § 3147(1), conspiracy to commit the laundering of monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). J. & Commitment [ECF 101] at 1–2. I DENY Mr. Holt's motion for the following reasons.

## DISCUSSION

    Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in

1 – OPINION AND ORDER

§ 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Mr. Holt argues that several "extraordinary and compelling" reasons warrant a reduction in his sentence and a reduction in his sentence is consistent with the factors in § 3553(a).

Mr. Holt is 32 years old and borderline obese. He has inflammatory bowel disease and medical issues related to a heart murmur. Mr. Holt is currently housed at FCI Sheridan where, at the time of his motion, there were 73 confirmed cases of COVID-19 among inmates. Mr. Holt thus argues that there are "extraordinary and compelling" reasons to reduce his sentence.

According to the Center for Disease Control ("CDC"), obese adults are at an increased risk of severe illness and complications from COVID-19. *COVID-19: People with Certain Medical Conditions*, CDC, (Feb. 3, 2021). While the CDC recognizes some heart conditions as presenting an increased risk from COVID-19, it does not appear to recognize heart murmurs as such a condition. *Id.* Inflammatory bowel disease is not recognized as a condition that would make Mr. Holt more susceptible to a negative outcome from COVID-19.

Given those health conditions and Mr. Holt's relatively young age, I am not convinced that he has demonstrated circumstances that rise to the level of "extraordinary and compelling." But even if he has, I must also consider the factors under § 3553(a) to determine whether a sentence reduction is warranted. Among other considerations, I must consider the need for the sentence "to promote respect for the law," "to provide just punishment for the offense," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)–(C). Mr. Holt argues that he does not present any risk to the community, because of his demonstrated

2 – OPINION AND ORDER

commitment to leaving his past criminal conduct behind him, and his pursuit of education and other opportunities for growth while incarcerated.

Mr. Holt has made the best of his circumstances in many ways and I commend him for doing so. But there remain other facts that weigh strongly against him on this factor. He was sentenced in July of 2020 and has only served about 60 percent of his sentence. And perhaps most significantly, prior to his current conviction and incarceration, Mr. Holt served a lengthy sentence for shooting someone in 2006. Gov't's Sent'g Mem. [ECF 85] at 12. Despite this prior incarceration, Mr. Holt returned to criminal activity. I accordingly find the applicable factors set forth in § 3553(a) to weigh heavily against granting Mr. Holt's request for compassionate release.

In sum, assuming Mr. Holt has demonstrated extraordinary and compelling reasons to warrant a reduction in his sentence, he does not meet the § 3553(a) factors necessary for compassionate release.

## CONCLUSION

For the foregoing reasons, I DENY Mr. Holt's Motion to Reduce Sentence [ECF 105].

IT IS SO ORDERED.

DATED this 10th day of February, 2021.

MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER