IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ISAIAH LEE HOLT,<br><br>Defendant. | Case No.: 3:18-cr-00297-AN-1<br><br>OPINION AND ORDER |

Defendant Isaiah Lee Holt moves for early termination of his supervised release. The government opposes the motion. Oral argument was held on July 18, 2024. For the reasons set forth below, the motion is GRANTED.

## LEGAL STANDARD

A district court has broad discretion to terminate a term of supervised release any time after the first year of supervised release has been completed if it "is warranted by the conduct of the defendant released and the interest of justice." The phrases "conduct of the defendant" and "interest of justice" indicate that the district court may consider "a wide range of circumstances" when exercising its discretion in determining whether to grant early termination of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

The court must consider the following sentencing factors:

"(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
"(2) The need for the sentence imposed –

1

> . . .
> "(B) to afford adequate deterrence to criminal conduct;
> "(C) to protect the public from further crimes of the defendant; and
> "(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . . .
> "(4) the kinds of sentence and the sentencing range established for –
> "(A) the applicable category of offense committed by the applicable category of defendant . . .
> "(5) any pertinent policy statement –
> "(A) issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) . . . that is in effect on the date the defendant was sentenced; and
> "(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> "(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> "(7) the need to provide restitution to any victims of the offense."

18 U.S.C. § 3583(e)(1); 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7); *Emmett*, 749 F.3d at 819. The court need not consider whether the sentence provides punishment for the offense under 18 U.S.C. § 3553(a)(1) because supervised release is intended to "assist individuals in their transition to community life" and is rehabilitative, not punitive. *United States v. Johnson*, 529 U.S. 53, 59 (2000).

The defendant bears the burden of demonstrating that early termination is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). They are not required to demonstrate undue hardship, although a court may consider undue hardship when determining whether early termination is in the interest of justice. *Emmett*, 749 F.3d at 819-20. A defendant similarly is not required to demonstrate "exceptional behavior" to warrant early termination. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

When denying or granting a defendant's request for early termination of supervised release, a district court must provide an explanation that is "sufficiently detailed to permit meaningful appellate review" and "state[s] the court's reasons for rejecting nonfrivolous arguments." *Emmett*, 749 F.3d at 821.

## BACKGROUND

Defendant pleaded guilty to conspiracy to distribute and possess with the intent to distribute marijuana and cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 18 U.S.C. § 3147(1); conspiracy to commit the laundering of monetary instruments, 18 U.S.C. § 1956(a)(1)(B)(i) and (h); and felon in

possession of a firearm, 18 U.S.C. § 922(g)(1). J. & Commitment, ECF [101], at 1. On July 9, 2020, he was sentenced to twenty-seven months of incarceration on each count, to run concurrently, followed by ten months of incarceration as a penalty enhancement under 18 U.S.C. § 3147, and a three-year-term of supervised release. *Id.* at 2-3.

Defendant was released from prison in September of 2021, first to home confinement and later a halfway house, and began his term of supervised release on May 3, 2022. Def.'s Mot for Early Termination ("Def.'s Mot."), ECF [121], at 2. As of the date of this order, he has completed over two years of his three-year term of supervised release, which will end on May 2, 2025. *Id.*

Since beginning supervised release, defendant has been employed as a foreman by Solgen Power, an electrical company, and started his own business, Epic Electric, to "provide training and opportunities for at-risk youth." *Id.* His job duties as a foreman regularly require him to travel to Washington. *Id.*

Defendant also reports being a dedicated father to his three children, who he parents according to a time-sharing agreement, and "provides financial support above the requirements of his child-support order." *Id.* He reports having a support system of family and friends, including his parents who live nearby. *Id.* at 2-3. Outside of work, he volunteers at Upward Bound. *Id.* at 3. Defendant has not had any supervised release violations and is not currently receiving any services from probation.

Defendant has one prior conviction for assault in the second degree in Multnomah County Circuit Court in 2006, for which he was sentenced to seventy months of incarceration and three years of post-prison supervision. Gov't Resp., ECF [124], at 2.

## DISCUSSION

Defendant moves for termination of his supervised release primarily because the travel restrictions limit his career opportunities. Def.'s Mot. 5. He states that as a foreman at Solgen Power, he is expected to regularly travel to Washington, and he is also interested in pursuing projects in California and Utah. *Id.* Given his travel restrictions, however, he cannot bid on out-of-state projects. *Id.*

Defendant argues that his rehabilitation, his conduct on supervised release, and the fact that he is not a career offender all weigh in favor of early termination of supervised release. *Id.* at 5-7. Defendant notes that the Guide to Judiciary Policy, Vol. 8, Part E, § 360.20(b) (2018) states that there is a presumption in favor of early termination after eighteen months of supervised release if certain criteria are met, and that defendant has met those criteria. *Id.* at 4.

The government and probation oppose the motion. The government argues that defendant's compliance with supervision expectations is not sufficient to warrant early termination, that his travel restrictions are not onerous because probation is willing to approve travel for verified work assignments, and that defendant's criminal history, leadership role, and violations while on pretrial supervision counsel against early termination. Gov't Resp. 5-6.

On balance, considering the relevant factors, early termination of supervised release is warranted by defendant's conduct and in the interest of justice. Defendant's conduct demonstrates that supervised release has served its purpose of assisting his transition to community life. Defendant has maintained steady housing, consistent work, and cultivated strong community ties. Early termination of supervised release serves the interest of justice by permitting defendant to pursue out-of-state career opportunities and grow his business, further improving his stability and transition to post-release life.

The relevant 18 U.S.C. § 3553(a) factors weigh in favor of early termination of supervised release. Defendant is not receiving any educational training, medical services, or other treatment from probation. The Court finds that defendant's single violent offense committed nearly two decades ago, when defendant was a teenager, and his pretrial violations do not pose a threat to public safety or require additional deterrence such that the full term of supervised release is required, particularly in light of the fact that defendant has had no new violations while on supervised release. Accordingly, early termination of supervised release is appropriate.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Early Termination of Supervised Release, ECF [121], is GRANTED.

IT IS SO ORDERED.

DATED this 19th day of July, 2024.

                                        Adrienne Nelson
                                        United States District Judge